**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sherry A. Levy, as Administrator
of the Estate of Shea K. Black

    v.                          Case No. 20-cv-1142-PB

B. Good LLC

**REPORT AND RECOMMENDATION**

Sherry A. Levy, proceeding without a lawyer and in forma pauperis, has initiated a civil action in her capacity as administrator of the Estate of Shea K. Black ("Estate"), asserting wrongful death claims against B. Good LLC ("B. Good"). Her amended complaint (Doc. No. 3) invoking this court's diversity jurisdiction is before the court for preliminary review. See 28 U.S.C. § 1915(e); LR 4.3(d)(2).

**I.     Preliminary review standard**

The court conducts a review of cases filed by pro se plaintiffs to determine, among other things, whether the complaint states any claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pled factual allegations and construes all reasonable inferences in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011).  The court may also consider "documents incorporated

by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted) (alteration in original).  The court may dismiss a pro se plaintiff's case at any time if the complaint fails to state a claim on which relief may be granted, the defendant is immune from the relief sought, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2).

II. **Background**

This is a civil action in which Levy, as administrator for the Estate, seeks monetary relief for Black's wrongful death under a vicarious liability theory.  On November 24, 2017, Black allegedly purchased two grams of the drug commonly known as fentanyl from Jennifer Mitchell, an employee at the B. Good restaurant in Concord, New Hampshire.[1]  Black overdosed on the fentanyl and died the next day.

Levy first learned of B. Good's alleged involvement in Black's death at an April 20, 2018 preliminary hearing on Mitchell's state-court criminal charges related to Black's death.  Levy contends that, at the time of the sale, Mitchell was working under the direction of, and for the benefit of,

---

[1] It is not clear on the record before the court whether the B. Good in Concord is owned by, or is the same entity as, the defendant named in this action.  Because the court ultimately concludes that Levy cannot assert claims on behalf of the Estate, the court need not resolve whether the B. Good restaurant in Concord and B. Good LLC are one entity.  Accordingly, the court refers to "B. Good" and "B. Good LLC" interchangeably herein.

B. Good.  She alleges that B. Good failed to perform a reasonable investigation into Mitchell before hiring her by conducting a sufficient background check and pre-employment drug test.  Additionally, Levy asserts that after hiring Mitchell, B. Good failed to act on concerns voiced by other employees regarding behavior by Mitchell that was consistent with drug-related activity.  Levy argues that B. Good's "negligent hiring and negligent retention" of Mitchell caused Black's wrongful death.  Levy does not assert any other claims against B. Good on behalf of herself or the Estate.

### III. Analysis

The district judge should dismiss the amended complaint without prejudice, as Levy cannot appear in federal court on behalf of the Estate without an attorney.  See Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) (considering issue sue sponte).

Under federal law and this court's local rules, parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the Bar.  See 28 U.S.C. § 1654; LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf."); see also Pappas v. Philip Morris, Inc., 915 F.3d 889, 894 (2d Cir. 2019).  An estate administrator filing a lawsuit acts on behalf of all beneficiaries of the estate whose interests may be affected by the litigation.  Accordingly, a non-attorney administrator may not proceed pro se in federal court when the estate has other beneficiaries or creditors.  See Rodgers v.

3

Lancaster Police & Fire Dep't, 819 F.3d 205, 210 & n.14 (5th Cir. 2016) (citing cases).

Here, the allegations in the amended complaint do not suggest that Levy is the Estate's sole beneficiary, and nothing in the record indicates that she herself is an attorney admitted to the Bar in this or any other jurisdiction.  As a result, the court, in December 2020, directed Levy "to find counsel who will enter an appearance on behalf of the Estate" on or before January 29, 2021, or, alternatively, "to show cause" by that deadline "why this matter should not be dismissed in the absence of the appearance of counsel on the Estate's behalf."  December 10, 2020 Order (Doc. No. 15, at 2).  In doing so, it warned Levy that "[f]ailure to comply . . . may result in dismissal of the claims asserted on the Estate's behalf, without prejudice."  Id.

To date, Levy has failed to comply with either of the directives in the court's December 10, 2020 Order, or otherwise bring the amended complaint into compliance with federal and local rules.  Liberally construed, the amended complaint asserts no claims other than those asserted on behalf of the Estate.  Accordingly, the district judge should dismiss the amended complaint (Doc. No. 3) in its entirety, without prejudice to any potential claims belonging to Levy or the Estate.

## IV.   Conclusion

For the reasons set forth above, the district judge should dismiss the amended complaint (Doc. No. 3) in its entirety, without prejudice to any potential claims belonging to Levy or

the Estate.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

February 25, 2021

cc:   Sherry A. Levy, pro se